**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-21047**
_____

**TOMMY E. SWATE,**

**Plaintiff-Appellee,**

**versus**

**BRUCE TAYLOR, ET. AL.,**

**Defendants,**

**TERESA L. HAYTH,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-94-CV-727)**
_____

June 8, 2000

Before JONES and BENAVIDES, Circuit Judges, COBB, District Judge.[*]

PER CURIAM:[**]

Dr. Swate's medical clinic was searched by DEA Agent Pack and others pursuant to warrants that suggested Swate was illegally dispensing methadone to his patients. Officer Pack invited

_____

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

television crews to accompany her on two of the searches, and some of the events that transpired were later broadcast. (Search in April 1992, and the officers permitted, not invited).

Dr. Swate sued Pack and other DEA officers for violation of his Fourth Amendment rights under a Bivens theory, because it violated his right of privacy for the news media to accompany the officers in their search.

The district court agreed with Dr. Swate and granted summary judgment denying immunity to Pack and granting partial judgment on liability. All other officials and issues have been resolved, and the only question on appeal is the district court's ruling against Pack.

As the parties are aware, the U.S. Supreme Court recently held that law enforcement officers were entitled to qualified immunity when they permitted the media to accompany them on the search of a private residence, even though the search itself was unconstitutional. Wilson v. Layne, 526 U.S. ____, S.Ct. _____ (1999). The search in Wilson occurred, like this one, in 1992. While the court found that a constitutional violation had occurred, it also held that the law was not "clearly established" at that time that the search was unconstitutional. Since the scope of qualified immunity depends upon public officials' violating clearly established legal rights, *i.e.* those rights which are plainly

2

known, and no such plain law prohibited the media's attendance on searches of private homes, immunity was required.

The only material difference between this case and <u>Wilson</u> is that the DEA searched Dr. Swate's office, not his residence. This factor, however, favors Officer Pack. For the Supreme Court expressly footed <u>Wilson</u> on the long standing expectation of privacy in a person's dwelling. Whether similar expectations apply to a place of business was not decided by the court. The court's holding that an accompanied search of a residence was not clearly established in 1992 compels the holding in this case that the accompanied search of business premises, even if unconstitutional, could not have been clearly established then.

Because the constitutionality of the search in this case was not clearly established, the DEA officer is entitled to qualified immunity.

The factors on which Dr. Swate relies in attempting to distinguish this case from <u>Wilson</u> are unpersuasive. Swate waived the argument he now raises concerning the validity of the warrant; in a district court, it was undisputed that Pack engaged in the search pursuant to valid warrants. Further, Swate's newly raised contention concerning his expectation of privacy in physical/patient records is irrelevant. Texas law does not furnish the basis for determining the reasonableness of official conduct under the Fourth Amendment. <u>Davis v. Scherer</u>, insert cite. Finally, it is meaningless to assert that while the media who

3

searched the <u>Wilsons</u>' house did not publish pictures, they were broadcast on national and local television of the search made here.

Because <u>Wilson</u> compels a finding of qualified immunity for appellant Pack, the judgment of the district court denying qualified immunity and granting partial summary judgment for Dr. Swate is **REVERSED**.